**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DAVID MICHAEL MONTOYA,<br><br>    Plaintiff,<br> v.<br>MICHAEL J. ASTRUE,<br>Commissioner, Social<br>Security Administration,<br>    Defendant. | No. CV 08-3505 CW<br><br>DECISION AND ORDER |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

### I. BACKGROUND

Plaintiff David Montoya was born on March 10, 1956, and was fifty-one years old at the time of his latest administrative hearing. [Administrative Record ("AR") 24, 51.] He has a high school education and past relevant work experience as a courier and dye casting machine

operator. [AR 22.]  Plaintiff alleges disability on the basis of problems in his neck, middle back, lower spine and left hip, right eye vision loss, and left ear hearing loss. [AR 154.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on May 28, 2008, and filed on June 2, 2008.  On December 4, 2008, defendant filed an answer and plaintiff's Administrative Record ("AR").  On February 10, 2009, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") on September 30, 2005, alleging disability since January 1, 2001. [AR 17, 137.]  After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on October 11, 2006, before Administrative Law Judge ("ALJ") Stuart M. Kaye. [AR 51.]  Plaintiff appeared without counsel, and testimony was taken from plaintiff and vocational expert Sandra Trost. [AR 52.]  A supplemental hearing was held on April 11, 2007, before ALJ Kaye. [AR 24.]  Plaintiff appeared with counsel, and testimony was taken from Plaintiff, medical expert Arthur Lorber, and vocational expert Heidi Paul. [AR 25.]  The ALJ denied benefits in a decision filed on September 24, 2007. [AR 17-23.]  When the Appeals Council denied review on April 8, 2008, the ALJ's decision became the Commissioner's final decision. [AR 2-4.]

### IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### V. DISCUSSION

#### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the

claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as amended</u> April 9, 1996); <u>see also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at 1288. If this burden is met, a <u>prima facie</u> case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ noted that Plaintiff was last insured for DIB eligibility purposes on December 31, 2004, and that the relevant period for the disability determination was from January 1, 2001, to December 31, 2004. [AR 17.] As for the sequential evaluation, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (step one); that plaintiff had "severe" impairments, namely a herniated disc and anterior spurs (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 19.] The ALJ determined that Plaintiff had a residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand and walk for six hours out of an eight hour day; occasionally bend, stoop and crouch but refrain from kneeling or crawling; avoid exposure to vibration; avoid overhead reaching; and avoid climbing ladders, ropes, scaffolds, unprotected heights, and slippery or wet surfaces. [AR 20.] Based on this RFC, Plaintiff could not return to his past relevant work (step four). [AR 22.] Taking

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 880 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

into account the finding that Plaintiff could perform "the full range of light work," the ALJ concluded that plaintiff was not disabled pursuant to Rule 202.20 of the Medical Vocational Guidelines (step five). [AR 23.]  Accordingly, Plaintiff's disability claim for the period at issue was denied. [Id.]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation raises two disputed issues:

1. Whether the ALJ erred in applying the Medical Vocational Guidelines ("Grids"); and
2. Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

[JS 3, 9.]

As discussed below, Issue One is dispositive.

**D.   STEP FIVE FINDING**

During the administrative hearing, Dr. Arthur Lorber, a medical expert, testified that based on his review of Plaintiff's medical records, Plaintiff retained the capacity to lift twenty pounds occasionally and ten pounds frequently with additional limitations, including, among other things, no overhead reaching and occasional bending, stooping and crouching. [AR 36.]  Subsequently, a vocational expert testified that a person with the limitations described by Dr. Lorber could not perform Plaintiff's past relevant work as a courier or dye casting machine operator. [AR 48.]  The ALJ adopted the vocational expert's testimony to determine, at step four, that Plaintiff could not return to his past relevant work.  At step five, the ALJ asked whether there was "other work" that a person with Plaintiff's age and limitations could do, to which the vocational expert replied "yes." [AR 49.]  However, the ALJ did not ask the

vocational expert to cite specific jobs in this category, but instead applied Rule 202.20 of the Grids to make a finding of "not disabled." [AR 23.]

Plaintiff argues that the ALJ erred in applying the Grids because Plaintiff has significant non-exertional limitations that preclude application of the Grids and that remand is necessary for vocational expert testimony to identify specific jobs in specific numbers for purposes of the step five finding. [JS 4.] Defendant contends that in light of the finding of Plaintiff's ability to perform the "full range of light work," as well as the insignificant impact of Plaintiff's limitations on the light work occupational base, vocational expert testimony is not necessary. [JS 5.]

The Ninth Circuit has clearly delineated when it is appropriate for the Commissioner to rely on the Grids in meeting the burden under Step Five of the disability inquiry.[2] "The Commissioner's need for efficiency justifies use of the grids at step five" but only when the grids "completely and accurately represent a claimant's limitations." Tackett v. Apfel, 180 F.3d at 1101. "In other words, a claimant must be able to perform the full range of jobs in a given category" in order for the Commissioner to appropriately rely on the grids. Id.

"[S]ignificant non-exertional impairments . . . may make reliance on the grids inappropriate." Id. at 1101-02 (citing Desrosiers v.

---

[2] At Step Five of the five-step sequential inquiry, the Commissioner bears the burden of proving that the claimant can perform "other jobs that exist in substantial numbers in the national economy." Lewis v. Apfel, 236 F.3d 503, 508 (9th Cir.2001). There are two ways for the Commissioner to meet this burden: (1) by the testimony of a vocational expert or (2) by reference to the Grids. Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). In this case, the Commissioner attempted to satisfy his burden by applying the Grids.

Sec'y of Health & Human Servs., 846 F.2d 573, 577 (9th Cir.1988)). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Desrosiers, 846 F.2d at 579; Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 880 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). When a claimant suffers from a combination of exertional and nonexertional limitations, the ALJ must first consider the Grid rules to decide if a finding of disability can be based on exertional limitations alone. See 20 C.F.R. § 404.1569a(d). If so, then benefits must be awarded. Id. However, if exertional limitations are an insufficient basis, by themselves, to support a conclusion of disability, the ALJ may use the grid rules as a "framework" for her decision, but must rely on other evidence, typically, in the form of testimony from a VE, to carry the Commissioner's statutory burden of proving there is other work that plaintiff can do. Id.; see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

In this case, Plaintiff had several postural and environmental limitations that precluded exclusive reliance on the Grids to make a Step Five finding. Based on the ALJ's RFC finding, Plaintiff should only occasionally bend, stoop and crouch but refrain from kneeling or crawling; avoid exposure to vibration; avoid overhead reaching; and avoid climbing ladders, ropes, scaffolds, unprotected heights, and slippery or wet surfaces. [AR 20.] These limitations, to the extent that they are based on Dr. Lorber's testimony, are inconsistent with a finding that Plaintiff was capable of a "full range" of light work: Dr. Lorber himself stated in a letter written after the administrative hearing that based on his review of the full record, Plaintiff was

capable of functioning at a "limited range of light level of activities, as previously described by me at the time of the hearing." [AR 286.] See Desrosiers, 846 F.2d at 580 ("The [Commissioner] may not avoid the process of consulting a vocational expert by using the Guidelines as though the claimant had the residual functional capacity for the *full range* of 'light work' if in fact the claimant can perform only *some* types of light work")(emphasis in original). Based on these limitations, Plaintiff's residual functional capacity was "not captured by the description of light work used in the Medical-Vocational Guidelines." Id. (finding Guidelines should not have been applied when Plaintiff could do no prolonged lifting, bending, stooping, pulling, pushing, climbing or use of his left upper extremity about shoulder level); see also Burt v. Astrue, No. C07-1888-RSM, 2008 WL 3540191 at *8 (W.D. Wash. Aug. 11, 2008) (finding Guidelines inapplicable when Plaintiff's non-exertional limitations included restrictions in handling, overhead reaching, cold environments, and a need to change position, even if the occupational base did not generally involve working overhead). Accordingly, Plaintiff "cannot perform the *full range* of light work, and the use of the Guidelines to declare that [Plaintiff] was not disabled was improper." Desrosiers, 846 F.2d at 580-81 (emphasis in original).

### E.   REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to

remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of disability can be made.[3] Accordingly, remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: May 6, 2009

```
            _____/S/_____
                  CARLA M. WOEHRLE
                United States Magistrate Judge
```

---

[3] Plaintiff's second claim, that the ALJ failed to provide clear and convincing reasons to reject Plaintiff's subjective complaints, does not change the outcome. Assuming without deciding that the claim has merit and that Plaintiff's testimony should be credited as true, a finding of disability still would not be directed by the existing record. Accordingly, remand for further proceedings is required.